# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JULY 1998 SESSION



**FILED**

July 23, 1998

Cecil W. Crowson
Appellate Court Clerk

| | |
|---|---|
| **CARL LONDON,** | ) |
| | ) C.C.A. No. 01C01-9710-CR-00458 |
| Appellant, | ) |
| | ) Davidson County |
| V. | ) |
| | ) Honorable J. Randall Wyatt, Jr., Judge |
| **STATE OF TENNESSEE,** | ) |
| | ) (Post-Conviction) |
| Appellee. | ) |
| | ) |

FOR THE APPELLANT:

Carl London, <u>Pro Se</u>
TDOC # 122534
Lake County Regional
Correctional Facility
Route 1, Box 330
Tiptonville, TN 38079

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Elizabeth B. Marney
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

Victor S. Johnson, III
District Attorney General

Lila Statom
Dan Hamm
Assistant District Attorneys General
Washington Square, Suite 500
222 Second Avenue North
Nashville, TN 37201-1649

OPINION FILED: _____

**AFFIRMED–RULE 20**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Carl London, appeals the denial of post-conviction relief. In January 1992, the appellant pled guilty to one count of aggravated rape and received a twenty-three-year sentence in the Tennessee Department of Correction. On January 17, 1997, the appellant filed a pro se petition for post-conviction relief, and on February 5, 1997, the trial court dismissed the petition. The court held that the petition was filed outside the statute of limitations, and the appellant's challenge to his sentence calculation was not a cognizable claim for post-conviction relief.

The appellant's primary issue for review then is whether the trial court properly denied his petition for post-conviction relief. We affirm.

The appellant contends that the post-conviction court erred by dismissing his petition for post-conviction relief. He argues that his guilty plea was involuntarily entered, that his attorney provided ineffective assistance, and that the state breached its plea agreement with him regarding his sentence.

The state argues that the post-conviction court properly dismissed the appellant's petition. The state contends that because the appellant's conviction became final in January 1992, his filing of a post-conviction petition on January 17, 1997, which was almost five years after his conviction, was time barred. Also, the state asserts that the appellant's challenge to his sentence calculation is not a cognizable claim for post-conviction relief.

We agree with the court's determination that the appellant's petition was time barred and did not state a cognizable claim for relief. Therefore, we affirm the denial of the petition pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

_____

PAUL G. SUMMERS, Judge

CONCUR:

_____
DAVID G. HAYES, Judge

_____
JERRY L. SMITH, Judge